## Lucas v. State.

Division A. Dec. 3, 1951.

No. 38188 (55 So. (2d) 432)

**W. W. Dent**, for appellant.

**Geo. H. Ethridge**, Assistant Attorney General, for appellee.

**McGehee, C. J.**

The principal assignment of error on this appeal is that the trial court declined to discontinue the trial at

about 6 o'clock p. m. until the next morning so as to enable the defendant to procure the attendance of an absent witness who had been personally served with process before the trial began, but for whom no attachment was requested when he was called and failed to answer.

The affidavit charging the offense of the unlawful sale of intoxicating liquor, together with the testimony of the sheriff and his deputy at the trial, had definitely fixed the date of the sale by the defendant to the deputy, in the presence of the sheriff on March 28, 1950. These officers testified that the sale occurred about 8 o'clock p. m. within the corporate limits of the City of Collins, whereas the defendant claimed that he was not in Collins at that hour, but was at Mendenhall, the county seat of the adjoining county where he went at about 5 o'clock p. m. and remained until about 10 o'clock p. m., during which time he claims to have been engaged in putting on a picture with a movie camera for the benefit and spiritual good of a group of about 50 young colored people at the place of business of one James Harrington —the absent witness.

When the case was called for trial at some time during the early part of the afternoon the witness Harrington failed to answer, and the record fails to disclose that the defendant then requested an attachment for the witness or asked for the trial to be postponed. While the defendant was on the stand as a witness in his own behalf at about 6 o'clock p. m., he testified that he was at Harrington's place in Mendenhall at the time when the officers claim that they bought the whiskey from him in Collins, and that he understood that the witness Harrington was on his way to court and that his automobile had broken down, or something to that effect. Whereupon the defendant's attorney moved the court to discontinue the trial until the next morning. This motion was overruled and the trial was completed within an hour or two thereafter.

In overruling the motion to discontinue the trial of the case, the trial judge made the following statement which appears in the record, to wit:

"It is the information had by the Court, and the record in this case shows that the witness Harrington, who it is said resides at Mendenhall, was summoned as a witness in this case on the part of the defendant, and that the witness Harrington was called when the case was called for trial, and the witness did not answer.

"The Court then called upon the officers to call the Sheriff of Simpson County, at the county site, which is Mendenhall, to inquire about the witness, and received the information that the witness was on his way, but the witness has not shown up, and that it is now some three hours since the beginning of the trial. There was some hear-say that the witness was on the way and his car broke down. * * * "

It is not shown by the record, and it is not contended on this appeal, that either the defendant or his attorneys had agreed to go on with the trial in reliance upon anything stated by the trial judge in regard to his information about the witness. In fact, it does not appear from the record that the trial judge made any announcement in the matter until about 6 o'clock p. m. when he was ruling on the motion to discontinue the trial until the next morning. Nor is it shown that the defendant went to trial with any understanding with the Judge that if the witness failed to arrive before the testimony was concluded that afternoon there would be a postponement of further proceedings until the attendance of the witness could be procured.

If the record had disclosed that the Judge advised the defendant or his attorneys when the case was called that he had caused the sheriff at Collins to call the sheriff at Mendenhall and had been informed that the witness was on his way, and if the defendant had gone to trial in reliance upon that fact, and such was also shown by the record, we would have a different situation presented to

us on the question of whether the trial judge had abused his discretion in refusing to pass the case until the next morning. But so far as this record discloses the defendant did not forego his right to have an attachment issued for the witness in reliance upon any statement made by the trial judge before they entered upon the trial. So far as the record discloses the defendant may have taken his chances on the witness appearing at court in due time, when he went to trial without asking for an attachment for the witness.

Moreover, on the motion for a new trial the defendant did not procure the attendance of the witness to testify in person, subject to cross-examination, but obtained an affidavit from the witness signed before the circuit clerk at Collins on the same day that the motion for a new trial was heard and overruled, showing that the witness was available to testify in person and be subjected to cross-examination as to the facts upon which the defendant was pleading an alibi in defense of the offense charged.

 It has been the rule in this jurisdiction since the case of Lamar v. State, 63 Miss. 265, was decided, that if a defendant is tried and convicted he should persist in his efforts to enforce the attendance of his witness or witnesses before the expiration of the term, "and on his motion for a new trial present them to the court for examination;" and that "if, with all his efforts, he is unable to have the witnesses personally present, he should, if practicable, secure their ex parte affidavits * * *." We have uniformly adhered to this rule in passing upon the question of whether or not a trial judge had abused his discretion in overruling a motion for a new trial on account of the absence of a witness.

On the merits of the case there were witnesses who testified as to the bad reputation of the deputy sheriff for truth and veracity, and a number of witnesses testified as to the good reputation of the defendant as a law abiding man, whom they had never theretofore heard accused of selling intoxicating liquor. Nevertheless the

jury had the benefit of the positive testimony of the sheriff of the county who testified that he was present in the automobile into which the defendant delivered the whiskey when the same was purchased by the deputy, and the sheriff testified that he knew and recognized the defendant as the person who sold the whiskey at the time and place complained of.

■■ We do not think it was error, as injecting the race issue into the trial, for the district attorney to ask the defendant if he knew of any reason why the sheriff and the deputy would want to testify falsely against him. This was proper cross-examination, and the jurors saw the officers and the defendant and knew that the former were white and that the defendant was a colored man. No mention was made of this fact in the examination of the defendant by the district attorney.

We have considered the other alleged errors assigned and have concluded that the same are not well taken.

The judgment and sentence appealed from must, therefore, be affirmed.

Affirmed.